IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HORACE WARD III, § | | |
| TDCJ #1102580, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-4620 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

The petitioner, William Horace Ward III (TDCJ #1102580), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **thirty days** why this case should not be dismissed as untimely filed.

### I.   BACKGROUND

According to the petition, Ward was charged with felony driving-while-intoxicated ("DWI") in Harris County cause number 881494. A jury in the 337th District Court of Harris County, Texas, found Ward guilty as charged and, on April 25, 2002, the same jury sentenced him to serve 15 years' imprisonment. An intermediate court of appeals affirmed

the conviction in an unpublished decision, *Ward v. State*, No. 01-02-00582-CR, 2003 WL 1563753 (Tex. App. — Houston [1st Dist.] March 27, 2003), and the Texas Court of Criminal Appeals refused discretionary review on July 30, 2003.

Ward filed the pending federal petition for a writ of habeas corpus on December 20, 2011.[1] In this petition, Ward seeks relief from his felony DWI conviction on the following grounds: (1) his guilty plea was involuntarily made; (2) his confession was coerced; (3) evidence that he objected to a "blood alcohol test" test violated the privilege against self-incrimination; and (4) he was denied due process during state post-conviction review.[2] As discussed further below, the Court finds that the petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.  THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

---

[1] The Clerk's Office received Ward's petition on December 23, 2011, and filed it the same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Ward executed the petition on December 20, 2011, indicating that he placed his pleadings in the prison mail system on that day.

[2] Ward also appears to seek relief from two prison disciplinary convictions entered against him at the Neal Unit in Amarillo, Texas, in case number 20110266692 and 20110277315. However, Ward's petition and the grounds for relief recited therein address only his underlying state court conviction for felony DWI. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to file separate petitions for judgments of separate courts. Because any challenge to Ward's disciplinary cases is improperly joined, the Court will not address those disciplinary cases here.

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]"  In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

3

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is typically considered an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In that regard, a district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Ward challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As outlined above, Ward was convicted on April 25, 2002, his conviction was affirmed on March 27, 2003, and the Texas Court of Criminal Appeals refused discretionary review on July 30, 2003. Although Ward did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later, on October 28, 2003. That date triggered the statute of limitations found in the AEDPA, which expired one year later on October 28, 2004. To the extent that Ward challenges his underlying conviction in cause number 881494, his pending federal habeas corpus petition, executed on December 20, 2011, is well outside the limitations period and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

4

### III.  CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must show cause in writing within **thirty days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

2. The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 20, 2012.

_____
Nancy F. Atlas
United States District Judge