IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HORACE WARD III, | § | |
| TDCJ #1102580, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4620 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate William Horace Ward III (TDCJ #1102580) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 1995 state court conviction. After reviewing the petition and supporting memorandum, the Court issued an order directing Ward to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d) [Doc. # 5]. Ward has filed a response [Doc. # 6]. After considering all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

## I.  BACKGROUND

The pleadings reflect that Ward was charged with felony driving-while-intoxicated ("DWI") in Harris County cause number 881494. A jury in the 337th District Court of Harris County, Texas, found Ward guilty as charged and, on April 25, 2002, the same jury sentenced him to serve 15 years' imprisonment. An intermediate court of appeals affirmed

the conviction in an unpublished decision, *Ward v. State*, No. 01-02-00582-CR, 2003 WL 1563753 (Tex. App. — Houston [1st Dist.] March 27, 2003), and the Texas Court of Criminal Appeals refused discretionary review on July 30, 2003.

Ward filed the pending federal petition for a writ of habeas corpus on December 20, 2011.[1]  In that petition, Ward seeks relief from his felony DWI conviction on the following grounds: (1) his guilty plea was involuntarily made; (2) his confession was coerced; (3) evidence that he objected to a "blood alcohol test" test violated the privilege against self-incrimination; and (4) he was denied due process during state post-conviction review.[2]  For reasons discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Ward in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No.

---

[1]    The Clerk's Office received Ward's petition on December 23, 2011, and filed it the same day.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Ward executed the petition on December 20, 2011, indicating that he placed his pleadings in the prison mail system on that day.

[2]    Ward references two prison disciplinary convictions lodged against him at the Neal Unit in Amarillo, Texas, in case number 20110266692 and 20110277315.  However, Ward's petition and all of the grounds for relief recited therein address only his underlying state court conviction for felony DWI.  Because Ward does not articulate any substantive grounds for relief in connection with the disciplinary cases, the Court declines to address those cases here.

104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

To the extent that Ward challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As outlined above, Ward was convicted on April 25, 2002, his conviction was affirmed on March 27, 2003, and the Texas Court of Criminal Appeals refused discretionary review on July 30, 2003. Although Ward did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later, on October 28, 2003. That date triggered the statute of limitations found in the AEDPA, which expired one year later on October 28, 2004. To the extent that Ward challenges his underlying conviction in cause number 881494, his pending federal habeas corpus petition, executed on December 20, 2011, is well outside the

limitations period and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

Although Ward has filed a response to the show cause order, he offers no explanation for his failure to challenge his state court conviction in a timely manner. Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Public records indicate that Ward filed several state habeas corpus applications to challenge his state court conviction. The most recent one was dismissed by the Texas Court of Court of Appeals as an abuse of the writ on October 5, 2005. *See Ex parte Ward*, No. 53,955-05. Ward offers no explanation for his decision to wait until December of 2011 to file a federal habeas corpus petition under 28 U.S.C. § 2254, and he does not satisfy any other criteria for statutory or equitable tolling. Because Ward has not established that he is entitled to any tolling, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court

of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

5

**IV.    CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      To the extent that Ward challenges his state court conviction for felony DWI,

the federal habeas corpus petition is **DISMISSED** with prejudice as barred by

the statute of limitations.

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>February 13</u>, 2012.

Nancy F. Atlas
United States District Judge